**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**FILED**

APR 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | 1:06-cv-00959 (RJL) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : | |
| Defendant. | : | |

## DISTRIBUTION PLAN

**A.    Introduction**

1.    The Court's Final Judgment, dated August 4, 2006 ("Final Judgment"), provided for the establishment of a fund to distribute the payment made by defendant Federal National Mortgage Association ("Fannie Mae") in satisfaction of the penalty judgment obtained by the Securities and Exchange Commission ("Commission"). The Final Judgment further contemplated that this fund would be distributed to investor victims of Fannie Mae's fraud, in accordance with the Fair Funds for Investors provision of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a). To accomplish this distribution, the Final Judgment contemplated the appointment of a Distribution Agent to oversee the Fair Fund distribution process, based upon a plan of distribution proposed by the Commission and approved by the Court.

**B.    Definitions**

As used in this Distribution Plan, the following definitions shall apply:

1

2.       "Affiliate" shall have the meaning described in Section 101(2) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

3.       "Approved Claim" shall mean the final amount of a Potentially Eligible Claimant's asserted claim that is approved pursuant to this Distribution Plan.

4.       "Available Distribution" shall mean the Fair Fund, less any amounts expended or to be expended for administering the Fair Fund (e.g., reasonable fees and expenses incurred or to be incurred in administering this Distribution Plan tax payments, reserves for taxes and fees of the Tax Administrator).

5.       "Claims Bar Date" shall mean the date established in accordance with this Distribution Plan by which a Potentially Eligible Claimant's Proof of Claim Form must be received by the Distribution Agent to avoid the barring of any right of the Potentially Eligible Claimant to participate in any distribution from the Fair Fund.  The Claims Bar Date shall be ninety days after the first publication of the Distribution Plan Notice.

6.       "Claims Determination Date" shall mean the date on or before which the Distribution Agent is to reach its determination concerning the validity and amount of each Potentially Eligible Claimant's claim.  Except as otherwise provided herein, the Claims Determination Date shall be on or before the thirtieth day following the Claims Bar Date.

7.       "Claims Packet" shall mean all the materials to be provided to Potentially Eligible Claimants known to the Distribution Agent or to those who request such, including a copy of the Distribution Plan Notice and a Proof of Claim Form (together with instructions for completion of the Proof of Claim Form).

8.      "Determination Notice" shall mean the notice sent by the Distribution Agent to a Potentially Eligible Claimant stating the Distribution Agent's determination of the validity of the claim of the Potentially Eligible Claimant.

9.      "Distribution Agent" shall refer to the entity responsible for administering the Fair Fund, in accordance with the terms of this Distribution Plan and the Court's orders, as well as its employees, attorneys, accountants and other agents.

10.      "Distribution Plan" shall mean this Distribution Plan in the form approved by the Court.

11.      "Distribution Plan Notice" shall mean the notice given to Potentially Eligible Claimants of their potential right to participate in the distribution of the Fair Fund and their obligation to file a Proof of Claim Form in order to so participate.  The Distribution Agent shall design the Distribution Plan Notice, consistent with the provisions of this Distribution Plan, and such notice shall include, at a minimum, the names of the Eligible Securities, means of obtaining Claims Packets (including Proof of Claim Forms), instructions for submitting Proof of Claim Forms, and the Claims Bar Date.  The Distribution Plan Notice shall advise Potentially Eligible Claimants that by participating in the distribution of the Fair Fund, they will not be releasing any rights or claims they may have against any party, including, but not limited to, Fannie Mae and Fannie Mae's past and present directors, officers, advisors and agents (other than with respect to the Distribution Agent).

12.      "Eligible Claimants" shall mean those Potentially Eligible Claimants filing a Proof of Claim Form with the Distribution Agent on or before the Claims Bar Date who are finally determined by the Distribution Agent to be eligible for a distribution from the

Fair Fund as provided herein because they purchased and held Eligible Securities during the Recovery Period. "Eligible Claimants" in no event shall include:

a.    any past or present director or officer of Fannie Mae (or any of their Affiliates, assigns, heirs, distributees, spouses, parents, children, or controlled entities) who was in a position to detect or prevent the alleged fraud;

b.    any employee of Fannie Mae who has been terminated for cause in connection with the fraud described in the Commission's complaint in this action, or who was otherwise terminated or has resigned in connection with the investigations conducted by the Commission, Office of Federal Housing Enterprise Oversight, or the Special Review Committee of Fannie Mae's Board of Directors;

c.    any defendant in any class action lawsuit related to the fraud described in the Commission's complaint in this action (or any of such defendant's Affiliates, assigns, heirs, distributees, spouses, parents, children, or controlled entities), unless and until such defendant is found not liable in all such civil suits prior to the Claims Bar Date, and proof of the finding(s) is included in such defendant's timely filed Proof of Claim Form;

d.    any Person who assigned that Person's right to obtain a recovery in the Commission's lawsuit against Fannie Mae;

e.    any assignee of another Person's right to obtain a recovery in the

Commission's lawsuit against Fannie Mae, provided, however, this

provision shall not be construed to exclude those Persons who

obtained such a right by inheritance or devise.

Notwithstanding anything to the contrary in this paragraph, a Person determined not to be

an Eligible Claimant pursuant to Subparagraph d or e above with respect to a particular

Eligible Security may, subject to the requirements of this paragraph, be an Eligible

Claimant with respect to other Eligible Securities that Person may own.

13.    "Eligible Loss Amount" shall refer to the amount of loss an Eligible

Claimant has incurred through the purchase of an Eligible Security during the Recovery

Period.  The Eligible Loss Amount for Fannie Mae common stock shall be calculated

using the methodology in Appendix I.  Similarly, the Eligible Loss Amount for Fannie

Mae Class N preferred stock shall be calculated using the methodology in Appendix II.

14.    "Eligible Security" shall refer to all common stock and Class N preferred

stock, issued by Fannie Mae.

15.    "Fair Fund" shall refer to all proceeds of Fannie Mae's payment of cash in

satisfaction of the Final Judgment, including accumulated interest, appreciation, and

earnings thereon, plus any additions thereto as may be provided by future Court Order or

agreements in related cases or otherwise, minus any tax payments.

16.    "Fair Fund Escrow Fund" shall mean the cash or cash-equivalent portion

of the Fair Fund, which shall be held in escrow by the Distribution Agent in an account or

accounts established by the Distribution Agent for the purpose of effectuating this

Distribution Plan.  The Fair Fund Escrow Fund shall include any accumulated interest

and earnings thereon, less costs, fees, tax payments and other expenses paid or reimbursed pursuant to orders of the Court. It is anticipated that distributions to Eligible Claimants shall be made from the Fair Fund Escrow Fund.

17.    "Final Determination Notice" shall mean the Distribution Agent's written response to a request for reconsideration of the Distribution Agent's Determination Notice

18.    "Recovery Period," for the purposes of this Distribution Plan, shall mean the period of time commencing on January 14, 1999 and continuing through the close of the markets on December 22, 2004.

19.    "Person" shall mean natural individuals as well as legal entities, such as, corporations, partnerships, and governmental entities.

20.    "Potentially Eligible Claimants" shall mean those Persons identified by the Distribution Agent as having possible claims to the Fair Fund under this Distribution Plan, or Persons asserting that they have possible claims to the Fair Fund under this Distribution Plan.

21.    "Proof of Claim Form" shall mean the form designed by the Distribution Agent in accordance with this Distribution Plan for the filing of proof of a Potentially Eligible Claimant's claim. A form that will require, at a minimum, sufficient documentation reflecting the Potentially Eligible Claimant's purchases and dispositions of all Eligible Securities during the Recovery Period and, if so required, a Substitute W-9 signed by the Potentially Eligible Claimant. In the event a Potentially Eligible Claimant is a non-resident alien, the Potentially Eligible Claimant shall complete a Form W-8 BEN prior to receiving a payment.

22.    "Recognized Loss" shall mean the portion of the price of each share of Fannie Mae common stock or Class N preferred stock that resulted from the fraudulent statements about the company's financial results as alleged in the Commission's complaint. *See* Appendixes I and II.

C.    **Allocation Among Eligible Claimants**

23.    The Available Distribution shall be distributed to pay Eligible Claimants as provided under the terms of this Distribution Plan and the attached appendixes. Generally, an Eligible Claimant's Eligible Loss Amount is the sum total of the claimant's Recognized Losses per share multiplied by the number of shares associated with each transaction. The methodology for determining the eligible loss amount is outlined in Appendixes I and II. The rationale for using this approach is explained in the Declaration of Gerald B. Lumer, dated March 28, 2007.

24.    If the Available Distribution is greater than or equal to the total amount of money due Eligible Claimants, the Distribution Agent shall distribute to each Eligible Claimant its Eligible Loss Amount.

25.    Should the total amount of the money due Eligible Claimants exceed the Available Distribution, the Distribution Agent shall distribute the funds to the Eligible Claimants *pro rata* based upon the ratio of the Approved Claim of each Eligible Claimant to the aggregate Approved Claims of all Eligible Claimants.

26.    If, after the Distribution Agent makes the distribution to Eligible Claimants, there are remaining funds in addition to tax reserves, those funds shall be paid directly to the general fund of the United States Treasury or in accordance with a final

plan of residual distribution to be proposed by the Commission and approved by the Court.

**D.**    **Administration of the Claims Procedure**

<u>General Administrative Provisions</u>

27.    Approval of this Distribution Plan by the Court authorizes the Clerk of the Court, and the Clerk of the Court is hereby ordered, to transfer all monies in the Fair Fund, less any lawful fees and tax payment requested by the Tax Administrator prior to transfer, to the Distribution Agent in such amounts and manner as the Distribution Agent shall designate in writing.

28.    Upon receipt of the monies from the Court's registry in this matter, the Distribution Agent shall sign a receipt acknowledging the receipt of the funds and deposit those monies into the Fair Fund Escrow Fund, which the Distribution Agent will establish and maintain as a separate account or accounts.  All accounts maintained by the distribution Agent for the Fair Fund Escrow Fund shall bear the name of the QSF: "SEC v. Federal National Mortgage Association Distribution Fund" and the taxpayer identification number of the QSF.  The Distribution Agent shall then file the signed receipt with the Court and supply a copy of that receipt to counsel for the Commission in this matter within ten days of receipt of the monies.

29.    The Distribution Agent shall forthwith invest and reinvest the assets in the Fair Fund Escrow Fund with a view toward: first, conserving and preserving the principal; and second, maximizing investment return.  The Distribution Agent may invest and reinvest the assets of the Fair Fund Escrow Fund only in direct obligations of the

United States of America ("United States").  Under no circumstances will the

Distribution Agent invest the assets of the Fair Fund Escrow

Fund in products which include repurchase agreements or other derivative products

related to Direct Obligations of the United States of America.  The Distribution Agent

shall provide duplicate original bank and/or investment statements to the Tax

Administrator on a monthly basis and shall assist the Tax Administrator in obtaining mid-

cycle statement, as necessary.

     30.     The Distribution Agent shall oversee the administration of the claims,

procedures and distribution as provided in this Distribution Plan.  The Distribution Agent

shall review the claims of Potentially Eligible Claimants and make determinations under

the criteria established herein as to the eligibility of Potentially Eligible Claimants to

recover monies and the amount of money to be distributed from the Fair Fund to Eligible

Claimants in accordance with the provisions of this Distribution Plan.

     31.     The Distribution Agent will provide customer support and a

communications program which will become active before the first publication of the

Distribution Plan Notice occurs.  These services will include a toll free telephone number

and a public website for the Fair Fund.  The staff of the Commission will be given an

opportunity to review and approve any telephone scripts and any material posted on the

website.

     32.     Any claim asserted by a Potentially Eligible Claimant shall be in writing

and shall provide adequate documentary evidence to substantiate the claim, including all

documentary evidence which the Distribution Agent deems necessary or appropriate,

including but not limited to available account statements and trade confirmations.

33.     All claims must be verified on the basis of a sworn affidavit or declaration executed by the Potentially Eligible Claimant under penalty of perjury under the laws of the United States of America.

34.     No Approved Claim less than $10.00 will be paid.  The Distribution Agent may aggregate the accounts held by a Person and his or her IRA for purposes of meeting the $10.00 floor on distributions.  Notwithstanding the aggregation of individual accounts with IRA accounts for this purpose, all payments shall be made to the beneficial owner and shall respect the manner in which an account is nominated.  For example Jane Smith may aggregate her personal accounts with her IRA account to meet the $10.00 floor on distributions.  However, the payment to Jane Smith will be made to her for her personal account(s) and to the Custodian of her IRA for her IRA account(s).  With respect to a Person that is a corporation or partnership, such Person's accounts and Person's Affiliates' accounts may also be aggregated.  The Distribution Agent in its exclusive discretion may, for purposes of this paragraph, but shall not have an obligation to, aggregate accounts not designated for aggregation in a Proof of Claim Form.

35.     For tax qualified retirement plans, the Distribution Agent shall distribute directly to the custodian or fiduciary of the retirement plan.  The distribution shall be accompanied by a list of plan participants and the number of shares owned by the plan participants, if that information is known to the Distribution Agent or available from the data provided to the Distribution Agent.  The intermediary of the retirement account or qualified plan shall distribute the funds in a manner that is consistent with its fiduciary duties and the account or plan provisions.

36.     In cases where an omnibus account would receive less than $1,000 if it were treated as an individual, the Distribution Agent may give the omnibus provider a choice of either refusing the distribution or applying any distribution technique that the omnibus provider, in the exercise of its reasonable discretion, deems to be consistent with its fiduciary, contractual, or other legal obligations.

37.     All determinations of the Distribution Agent that are made in accordance with the provisions of this Distribution Plan shall be final, unless otherwise provided in this Distribution Plan.

38.     To carry out the purposes of this Distribution Plan, the Distribution Agent is authorized to make adjustments to the Distribution Plan that are consistent with the purposes of the Distribution Plan, if agreed upon by the Distribution Agent and the staff of the Commission.

39.     To maintain a high-level of quality control, the Distribution Agent will hire an independent outside accounting firm, at its own expense, to perform three independent tests of validated claims based upon a random sample statistically designed to provide a 95% confidence level, plus or minus 5%, that claims have been accurately validated based on the processing rules established by the parties.  The independent tests will occur 15 days after the start of claims processing, 45 days after the start of claims processing, and 14 days after the conclusion of claims processing.  A written report with the results of each independent test will be provided to the Commission within ten days of each test.  Based upon the results of the independent tests, the Distribution Agent will correct any individual errors identified and perform database searches or additional

procedures to correct any errors that may have occurred during claims processing.  The

accounting firm used by the Distribution Agent for the independent tests must be

approved by the staff of the Commission.

Identification of and Notice to Eligible Claimants

40.    The Distribution Agent shall, insofar as is practicable, use its best efforts

to identify Potentially Eligible Claimants from a review of trading records and any other

commercially reasonable sources available to the firm.

41.    Within thirty days following the entry by the Court of an order approving

this Distribution Plan, the Distribution Agent shall:

> a.    request that Fannie Mae post a copy of this Distribution Plan and a
>
> copy of the Distribution Plan Notice on its website; and

> b.    provide a copy of the Distribution Plan and Distribution Plan
>
> Notice to the staff of the Commission for posting on the
>
> Commission's website [http://www.sec.gov]; and

> c.    publish a copy of the Distribution Plan Notice at least once a week
>
> for a period of four consecutive weeks in the national edition of
>
> Investor's Business Daily and at least once a week for a period of
>
> four consecutive weeks in the national edition of The Wall Street
>
> Journal.

The Distribution Agent will also give additional notice of the distribution process in such

manner as the Distribution Agent, in its sole discretion, deems appropriate, including:

direct notification to custodians, securities brokers and dealers identified by the

Distribution Agent, and notice on websites relating to private litigation arising from the fraud described in the Commission's complaints in this action.

42.    Within thirty days following the entry by the Court of an order approving this Distribution Plan, the Distribution Agent shall cause to be mailed by United States First Class Mail a Claims Packet consisting of the Distribution Plan Notice and Proof of Claim Form, together with instructions for completion of the Proof of Claim Form, to those Potentially Eligible Claimants known to the Distribution Agent.  In order to facilitate distribution of Claims Packets to Potentially Eligible Claimants, within the same time period, the Distribution Agent shall ensure that the Claims Packet in a downloadable format is available to Potentially Eligible Claimants on its website.

43.    The Distribution Agent shall promptly provide a Claims Packet to any Potentially Eligible Claimant who so requests electronically, in writing or by telephone, as set forth in the Distribution Plan Notice.

44.    To avoid being barred from asserting a claim, on or before the Claims Bar Date, each Potentially Eligible Claimant must submit to the Distribution Agent a properly completed Proof of Claim Form reflecting such Potentially Eligible Claimant's claim, together with all required supporting documentation. The Claims Bar Date may be extended for one or more Potentially Eligible Claimants by the Distribution Agent in consultation with the staff of the Commission, in which event such extension shall constitute the Claims Bar Date for such Potentially Eligible Claimants.  Unless otherwise determined by the Distribution Agent in its sole discretion for good cause shown, any Potentially Eligible Claimant that does not file a properly completed and documented Proof of Claim Form, if so required, including a completed substitute W-9 or W-8 BEN

so that such completed form and documentation are received by the Distribution Agent

on or before the Claims Bar Date shall be barred from asserting a claim against the

Distribution Agent or the Fair Fund.  The burden shall be upon the Potentially Eligible

Claimant to ensure that its Proof of Claim Form has been properly and timely received by

the Distribution Agent.

Notification to Claimants of Denied Claims

45.    The Distribution Agent shall review each Proof of Claim Form to

determine the validity and amount of such Potentially Eligible Claimant's Eligible Loss

Amount, together with any additional conclusions of the Distribution Agent on other

issues relevant to the claim.  Each Potentially Eligible Claimant shall have the burden of

proof to establish the validity and amount of its claim, and that it qualifies as an Eligible

Claimant; and the Distribution Agent shall have the right to request, and the Potentially

Eligible Claimant shall have the burden of providing to the Distribution Agent, any

additional information and/or documentation deemed relevant by the Distribution Agent.

On or before the Claims Determination Date, the Distribution Agent shall mail by United

States First Class Mail a Determination Notice to each Potentially Eligible Claimant who

has filed a Proof of Claim Form with the Distribution Agent, setting forth the Distribution

Agent's conclusions concerning such claim.  In the event a claim is denied, in whole or in

part, the Distribution Agent will explain the reason for such denial.  The Claims

Determination Date shall be within thirty days of the Claims Bar Date.

Requests for Reconsideration of Denied Claims

46.    Any Potentially Eligible Claimant that is dissatisfied, in whole or in part,

with the Distribution Agent's Determination Notice concerning its claim may request

reconsideration of the Determination Notice by filing a written request for reconsideration with the Distribution Agent. Such written request must be mailed by the Potentially Eligible Claimant in sufficient time that it is received by the Distribution Agent no later than fifteen days after the date on which the Determination Notice was mailed to the Potentially Eligible Claimant by the Distribution Agent; the burden of ensuring such timely receipt shall be upon the Potentially Eligible Claimant. Such written request must contain a statement as to why the Potentially Eligible Claimant believes their claim should be reconsidered and must include documentation to support the reconsideration request. A failure to properly and timely request reconsideration of the Determination Notice shall permanently waive the Potentially Eligible Claimant's right to object or contest the Determination Notice.

<u>Resolution of Reconsidered Claims</u>

47.    The Distribution Agent shall review each reconsideration request to determine whether the submitted information is sufficient to validate the claim. If the claim is determined to be valid, the Distribution Agent shall mail a Final Determination Notice to the Eligible Claimant. For any reconsideration request the Distribution Agent is unable to validate, the Distribution Agent shall prepare a summary report, with copies of the claim and all related documentation and correspondence received from the Potentially Eligible Claimant, for review by the Court. The Court will review the documentation provided by the Potentially Eligible Claimant and the Distribution Agent. At that time, the Court may make a final determination or may set the matter for hearing and at the conclusion of the hearing make a final determination. A final determination by

the Court shall be final for all purposes under this Distribution Plan and there shall be no further proceedings or appeal related to the same.

48.    No Potentially Eligible Claimant who has failed timely to file an appropriate Proof of Claim Form, or to request reconsideration of the Determination Notice, shall be permitted to object to the barring or treatment of its claim on the basis that the Distribution Agent failed to mail, or properly to mail, or that such Potentially Eligible Claimant failed to receive, a copy of the Distribution Plan Notice, Claims Packet or the relevant Determination Notice or Final Determination Notice, or that a Proof of Claim Form or request for reconsideration of the Determination Notice, was improperly reflected as not having been received by, or properly recorded as received by, the Distribution Agent or Court, or that a Potentially Eligible Claimant's name and/or proper contact information was not properly reflected on the Distribution Agent's records. The burden of notifying the Distribution Agent of a Potentially Eligible Claimant's current address and other contact information, and of ensuring that such information is properly reflected on the Distribution Agent's records, shall be on the Potentially Eligible Claimant.

Payment of Approved Claims

49.    The Distribution Agent shall distribute the Available Distribution to all Eligible Claimants only after:

a.    all Proof of Claim Forms have been processed and all Potentially Eligible Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the

opportunity to be heard concerning such rejection or disallowance; and

b.    all requests for reconsideration of the Determination Notice, with respect to rejected or disallowed claims, have been resolved by the Distribution Agent or Court, or the time for such requests for reconsideration has expired.

50.    Following the completion of processing of all Potentially Eligible Claimant claims, the Distribution Agent shall prepare a list of all Eligible Claimants and the Approved Claim for each Eligible Claimant. The Distribution Agent shall petition the Court for the authority to distribute a specified distributable amount from the Available Distribution to the Eligible Claimants as provided for in this Distribution Plan. In recommending such distributable amount to the Court, the Distribution Agent shall hold back a prudent reserve to take into account final fees and expenses incurred in the administration of the performance of its duties under this Distribution Plan, as well as reserves for taxes as requested by the Tax Administrator and approved by SEC staff.

51.    All Fair Fund checks issued to Eligible Claimants by the Distribution Agent shall bear a stale date of ninety days. Accordingly, checks that are not negotiated within this period shall be voided and the issuing financial institution shall be instructed to stop payment on those checks. Where an Eligible Claimants' check has not been negotiated within the stale date period and has been voided by the Distribution Agent, that Eligible Claimant's claim shall be extinguished upon the occurrence of the stale date. All such funds will be returned to the Fair Fund.

52.    The Distribution Agent shall use all reasonable commercially available to resources to locate all Eligible Claimants whose checks are returned to the Distribution Agent undelivered.

53.    All Fair Fund distribution payments shall be preceded or accompanied by a communication that includes, as appropriate:

     a.     a statement characterizing the distribution;

     b.     a statement from the Tax Administrator;

     c.     a statement that checks will be void after ninety days; and

     d.     the name of a person or entity to contact, if the Eligible Claimant has any questions regarding the distribution.

Any such communication shall be submitted to the staff of the Commission and the Tax Administrator for review and approval.  The Fair Fund distribution checks, on their face, or in the accompanying mailing shall clearly indicate that the money is being distributed from a Fair Fund established by the United States Securities and Exchange Commission to compensate investors for harm as a result of their investment in an Eligible Security.

54.    Upon receipt and acceptance by an Eligible Claimant of a distribution from the Fair Fund, such Eligible Claimant shall be deemed to have released all claims that such Eligible Claimant may have against the Distribution Agent, its employees, agents and attorneys in connection with the Distribution Plan and the administration of the Fair Fund, and shall be deemed enjoined from prosecuting or asserting any such claims.

55.    The submission of the Proof of Claim Form and the receipt and acceptance of a distribution by an Eligible Claimant shall not affect an Eligible Claimant's rights and

claims against any party (other than the Distribution Agent), including, but not limited to, Fannie Mae and Fannie Mae's past or present directors, officers, employees, advisors and agents.

**E.    Responsibilities of the Distribution Agent**

56.    It is the Distribution Agent's responsibility to distribute the Fair Fund in accordance with this Distribution Plan.

57.    The Court has appointed Damasco & Associates as the tax administrator ("Tax Administrator") for this case. The Distribution Agent will cooperate with the Tax Administrator in providing any information necessary to ensure income tax compliance. The Distribution Agent shall compensate the Tax Administrator.

58.    The Fair Fund is a "qualified settlement fund" within the meaning of the regulations issued under section 468B(g) of the Internal Revenue Code of 1986, as amended. The Tax Administrator is the administrator of such qualified settlement fund, for purposes of Treas. Reg. § 1.468B-2(k)(3)(I), and shall satisfy the tax related administrative requirements imposed by Treas. Reg. § 1.468B-2, including, but not limited to:

a.    obtaining a taxpayer identification number;

b.    timely requests for funds necessary for the timely paying of all applicable taxes, the timely payment of taxes for which the Tax Administrator has received funds, and the filing of applicable returns; and

c.    fulfilling any information reporting or withholding requirements required for distributions from the Fair Fund.

59.    Within twenty days of each calendar quarter, or as directed by the staff of the Commission, the Distribution Agent shall file with the Court and serve on the staff of the Commission an accounting of all assets in the Fair Fund.  Such an accounting shall inform the Court and the staff of the Commission of the activities and status of the Fair Fund during the requested reporting period, and shall specify, at a minimum, the location of the various accounts comprising the Fair Fund, the value of those accounts, all monies earned or received into these accounts, any monies transferred between Fair Fund accounts, funds distributed to Eligible Claimants under this Distribution Plan, and any monies expended from the Fair Fund to satisfy any fees, costs, taxes and other expenses incurred in the implementation of this Distribution Plan.

60.    The Distribution Agent is entitled to pay from the Fair Fund Escrow Fund all reasonable costs, fees, taxes and fees of the Tax Administrator and other expenses incurred in the performance of the firm's duties, and shall be further entitled to be compensated for its services at the previously negotiated hourly rate, not to exceed $250 per hour.  Within twenty days following the conclusion of each month, the Distribution Agent shall provide the staff of the Commission with a detailed statement of the fees and expenses incurred by the Distribution Agent during such month (a "Monthly Statement"). Unless the Commission objects, ten days after providing the respective Monthly Statement, the Distribution Agent may pay itself from the Fair Fund Escrow Fund an amount equal to 90% of the fees and 100% of charges and out-of-pocket expenses reflected in the respective Monthly Statement.  The Distribution Agent shall tender to the Tax Administrator funds necessary to pay taxes upon the request of the Tax Administrator and approval by the SEC staff without further order of this Court.  For all

other costs, fees, and expenses, the Distribution Agent is required to seek Court approval

before making payments from the Fair Fund. In such instances, the Distribution Agent

shall give notice to the staff of the Commission at the same time it files a request for

Court approval of such unauthorized expenditures.

61.    The Distribution Agent will forfeit ten percent of all fees, net of charges

and out-of-pocket expenses, billed during the distribution process if the Fair Fund is not

distributed to all Eligible Claimants within one hundred eighty days following the entry

by the Court of an order approving this Distribution Plan. If the following events occur,

the deadline for distributing the Fair Fund checks will be extended by the number of days

each event exceeds the timeline estimate: the Distribution Agent receives transfer agent

data more than thirty days after the Distribution Plan's approval; Commission approval of

the notice materials, website, or telephone script of frequently asked questions takes more

than five days; the Claims Bar Date exceeds ninety days from the first publication of the

Distribution Plan Notice; the claims appeal process is not concluded within thirty days; or

the Court's Distribution Order is not signed within ten days of filing. If any of these

unanticipated delays arise during the distribution process, the Distribution Agent will

contemporaneously notify the staff of the Commission in writing of the event and the

amount of delay that should not be considered in calculating how long it took the

Distribution Agent to distribute the Fair Fund checks.

62.    Within thirty days of completing the distribution of the Fair Fund and

prior to the discharge of the Distribution Agent, the firm shall file with the Court and

serve a copy upon Commission counsel a final accounting of all monies received, earned,

or spent in connection with administration of this Distribution Plan and, if appropriate, a

21

request for approval of any unpaid fees and expenses, including, but not limited to the 10% of all fees that were deferred on a monthly basis during the distribution process. After providing an opportunity for comments from the Commission, the Court shall review the reasonableness of such request. If additional payments are authorized by the Court, the Distribution Agent shall pay itself the balance owed from the Fair Fund Escrow Fund accordingly.

63.     The Distribution Agent is excused from all legal requirements to post a bond or give an undertaking of any type in connection with its fiduciary duties and obligations under the Distribution Plan.

64.     The Distribution Agent is entitled to rely on all outstanding rules of law and court orders, and shall not be liable to any Potentially Eligible Claimant for any action taken or omitted by them in connection with this Distribution Plan, except upon a finding by this Court that they, in bad faith or in reckless disregard of its duties under this Distribution Plan, acted or failed to act. The Distribution Agent is authorized to enter into agreements with financial institutions ("Institutions") as may be appropriate or necessary in the administration of the Fair Fund. In connection with such agreements, the Institutions shall be deemed to be agents of the Distribution Agent under this Distribution Plan, and shall be indemnified as provided in this Distribution Plan. However, such indemnification of agents of the Distribution Agent is limited to claims made by Potentially Eligible Claimants asserting a claim to a distribution under this Distribution Plan, and shall not be construed to extend to claims by governmental agencies or offices made in a capacity other than as a Potentially Eligible Claimant.

65.    The Fair Fund shall indemnify the Distribution Agent and hold it harmless against any losses, claims, damages or liabilities in connection with any action taken or omitted by them in connection with this Distribution Plan, unless such losses, claims, damages or liabilities arise solely out of bad faith or reckless disregard of its duties under this Distribution Plan. Further, the Fair Fund shall advance amounts to and reimburse the Distribution Agent for all reasonable expenses (including counsel fees and expenses) incurred in connection with defending against such actions. The Distribution Agent shall be entitled to indemnification in accordance with the foregoing so long as a final, unstayed, unappealable determination has not been made by a court of competent trial and/or appellate jurisdiction that the Indemnified Party has committed acts (or omitted to act) in bad faith or in reckless disregard of its duties under this Distribution Plan.

66.    The Distribution Agent may be removed at any time by the Court, and replaced with successors. In the event the Distribution Agent decides to resign, the firm must first give written notice to the staff of the Commission and the Court of such intention, and such resignation shall not be effective until the Court has appointed a successor. The Distribution Agent shall then follow such instructions as such successor or the Court gives him in turning over custody, control and management of the Fair Fund Escrow Fund and other property collected pursuant to the Distribution Plan.

67.     All proceedings with respect to the administration, processing and determination of claims and the determination of all related controversies, shall be subject to the exclusive jurisdiction of this Court.

68.     The Court reserves the right to amend this Distribution Plan from time to time.


SO ORDERED:

Dated: 4/12/07

RICHARD J. LEON
UNITED STATES DISTRICT JUDGE